Renato M. Cappello, DC, a/a/o Fritzner Albert, Plaintiff-Respondent,
against
Global Liberty Insurance Company of New York, Defendant-Appellant.



Defendant appeals from a judgment of the Civil Court of the City of New York, Bronx County (Shawn T. Kelly, J.), entered August 17, 2016 after a nonjury trial, in favor of plaintiff in the sum of $2,126.66.




Per Curiam.
Judgment (Shawn T. Kelly, J.), entered August 17, 2016, reversed, with $30 costs, and judgment directed in favor of defendant dismissing the complaint.
In this action by a provider to recover assigned first- party no-fault benefits, the parties stipulated that the only issue for trial would be whether the services rendered to plaintiff's assignor on April 12, 2011 were medically necessary. Plaintiff also stipulated to the expertise of Dr. Vincent Notabartolo, defendant's peer review doctor.
At trial, Dr. Notabartolo testified that in his opinion the services provided by plaintiff, specifically, electromyography and nerve conduction velocity diagnostic testing, were not medically necessary because there was no indication of a "diagnostic dilemma" that would warrant such testing. The witness explained that the assignor was not neurologically deteriorating and was responding to chiropractic treatment. Dr. Notabartolo's peer review report reaching the same conclusion was also stipulated into evidence.
Dr. Notabartolo's testimony, which the court expressly found credible, demonstrated a factual basis and a medical rationale for his determination that there was no medical necessity for the services at issue here (see New Horizon Surgical Ctr., L.L.C. v Allstate Ins. Co., 52 Misc 3d 139[A], 2016 NY Slip Op 51125[U] [App Term, 2d, 11th and 13th Jud Dists 2016]). Thus, the burden shifted to plaintiff to present his own evidence of medical necessity (see West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co., 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [App Term, 2nd and 11th Jud Dists 2006]). Plaintiff, however, called no witnesses to rebut defendant's evidence. In these circumstances, plaintiff was not entitled to judgment in its favor (see All Is. [*2]Med. Care, P.C. v State Farm Mut. Auto. Ins. Co., 33 Misc 3d 142[A], 2011 NY Slip Op 52227[U] [App Term, 9th and 10th Jud Dists 2011]; Specialty Surgical Servs. v Travelers Ins. Co., 27 Misc 3d 134[A], 2010 NY Slip Op 50715[U] [App Term, 9th and 10th Jud Dists 2010]). Accordingly, we reverse and direct entry of judgment in favor of defendant dismissing the complaint.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: October 26, 2017